UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEIL LOREN BRUNT; ERIC BRUNT,<br><br>       Petitioners,<br><br>   v.<br><br>GARY LOREN BRUNT,<br><br>       Respondents. | Case No. 3:26-cv-05254-TMC<br><br>ORDER GRANTING MOTION TO REMAND |

## I.    INTRODUCTION

This case began in 2024 as a guardianship action in Thurston County Superior Court. In March 2026, Respondent Gary Brunt removed the case to this Court, alleging that federal question jurisdiction existed because the state court had violated his federal constitutional and statutory rights. *See* Dkt. 1 at 5–7. Petitioners Neil and Eric Brunt moved to remand. Dkt. 16. Because Gary Brunt's federal defenses to the guardianship matter do not establish removal jurisdiction, the motion to remand is GRANTED. The Court also GRANTS Petitioners' request for attorney's fees because there was no reasonable basis for removal.

## II.    BACKGROUND

Petitioners Neil and Eric Brunt filed a guardianship petition in Thurston County Superior Court in May 2024. Dkt. 17-1. In October 2024, that court entered orders the parties had agreed

ORDER GRANTING MOTION TO REMAND - 1

to following mediation. Dkt. 17-3. In March 2025, Respondent moved to dismiss the case and vacate the agreed orders, arguing that they had violated his constitutional rights. Dkt. 17-4. In June 2025, the superior court rejected Respondent's constitutional arguments, denied his motions, and imposed sanctions on his attorney. *See* Dkts. 17-6, 17-8, 17-9. Respondent appealed the 2025 orders and that appeal remains pending. *See* Dkts. 17-10, 17-12. In January 2026, the superior court found Respondent in contempt and set a hearing for March 13, 2026 to determine whether the contempt had been cured. Dkt. 17-11. The morning of that hearing, Respondent removed the case to this Court. Dkt. 1.

In his notice of removal, Respondent alleges that federal subject matter jurisdiction exists because (1) the state court violated his First Amendment right not to associate with his adult children, Dkt. 1 at 5; (2) the state court violated his due process and equal protection rights by entering the guardianship orders without a trial, *id.* at 5–6; and (3) the state court violated his HIPAA rights by entering orders without a trial that required Respondent to give up privacy interests in his healthcare records, *id.* at 6. Dkt. 1 at 7. The notice of removal does not address timeliness, other than stating that Respondent "recently discovered" the challenged orders. *See* Dkt. 1 at 2.

### III.    LEGAL STANDARD

An action brought in state court is removable to federal district court only if the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441. "The threshold requirement for removal . . . is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998). A party may claim that a federal court has subject-matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th

ORDER GRANTING MOTION TO REMAND - 2

Cir. 2009). For the latter, the question turns on whether the complaint contained a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal question jurisdiction arises only if the complaint "affirmatively allege[s] a federal claim." *Retail Prop. Tr. v. United Broth. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). It is a fundamental principle of jurisdiction that the plaintiff is the "master of the claim." *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 973 (9th Cir. 1993) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A "case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

The removal statute is construed narrowly, and any doubts about removal are resolved in favor of remanding the case to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, on a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper. *Gaus*, 980 F.2d at 566; *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[B]ecause we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.") (citation modified). If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c).

### IV.    DISCUSSION

**A.    This Court does not have federal question jurisdiction.**

Petitioners argue that this Court lacks removal jurisdiction because the underlying state court guardianship petition did not contain a federal claim. Dkt. 16 at 4–6. Respondent asserts, without citation to any authority, that "the well-pleaded complaint rule does not apply because the basis for removal is the fact federal questions have arisen during the pendency of this case."

ORDER GRANTING MOTION TO REMAND - 3

Dkt. 19 at 4. He then reiterates his claims that the decisions of the superior court judge and commissioner violated his constitutional rights. *See generally* Dkt. 19.

Petitioners are correct. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. This rule "means that 'a case may *not* be removed to federal court on the basis of a federal defense.'" *Retail Prop. Tr.*, 768 F.3d at 947 (quoting *Caterpillar*, 482 U.S. at 393). Respondent's grounds for removal are essentially defenses that go to why the guardianship orders should not have been entered. There is no authority to support his argument that the well-pleaded complaint rule does not apply because the alleged constitutional problems arose during the litigation due to the actions of the state court judges. Because this state-court guardianship case could not originally have been filed in federal court, there is no removal jurisdiction, and the motion to remand must be granted.

**B.      Removal was untimely.**

Although the jurisdictional issue is dispositive, the removal notice was also untimely. The removal statute requires that the notice of removal "be filed within thirty days after the receipt by the defendant" of the "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1). The orders which Respondent claims created a federal question were issued in October 2024 and June 2025. Respondent's attempt to remove the case in March 2026 was untimely. Respondent's citation to *Roth v. CHA Hollywood Medical Center* does not help his argument; that case reiterates that the timelines in § 1446 "place strict limits on a defendant who is put on notice of removability by a plaintiff" because a defendant cannot "seek removal only when it becomes strategically advantageous to do so." 720 F.3d 1121, 1125 (9th Cir. 2013).

ORDER GRANTING MOTION TO REMAND - 4

**C.      Petitioners are entitled to attorney's fees.**

The Court may award fees and costs incurred as a result of removal under 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. The basis for removal is objectively reasonable if "a reasonable litigant in [the defendant's] position could have concluded that federal court was the proper forum in which to litigate [the plaintiff's] claims[.]" *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).

Here, Respondent removed the case to this Court without an objectively reasonable basis for doing so, likely to avoid the contempt hearing and delay the state court litigation. Because this Court is facing a significant civil motions backlog due to an unprecedented influx of immigration habeas litigation, this strategy regrettably had some success. Long-established law holds that a federal defense is not a basis for removal, and the notice of removal was filed far beyond the 30-day period allowed by the statute. Plaintiffs are thus entitled to reasonable attorney's fees and costs under 28 U.S.C. § 1447(c).

## V.      CONCLUSION

Because the Court lacks jurisdiction over this case, the motion to remand (Dkt. 16) is GRANTED. The Court ORDERS that:

1.      Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for Thurston County in the State of Washington;

2.      The Clerk shall mail a certified copy of this Order to the Clerk of Court for Thurston County Superior Court;

ORDER GRANTING MOTION TO REMAND - 5

3.     The Clerk shall transfer the record herein to the Clerk of Court for Thurston County Superior Court;

4.     The Clerk shall close this case; and

5.     Defendants shall submit their fee petition within 14 days of this order, noting the motion for 21 days after filing under LCR 7(d)(3). If the parties reach agreement on the amount of reasonable fees and costs, they may submit a stipulated same-day motion. If the motion is contested, Defendants are encouraged to submit proposed findings of fact and conclusions of law. This Court will retain jurisdiction solely over the fee petition.

Dated this 26th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO REMAND - 6